FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEVERETT GRISSOM, | No. 11-17345 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02118-KJM-KJN |
| v. | |
| MITCHELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Leverett Grissom, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison

officials violated his constitutional rights by issuing him a written warning for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hanging laundry from his cell bed. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo. *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009). We affirm.

The district court properly dismissed Grissom's due process claims because Grissom failed to allege facts showing that the issuance of a written warning for hanging laundry from his bunk imposed an atypical and significant hardship on him. *See Sandin v. Conner*, 515 U.S. 472, 483-84, 486 (1995) (prison regulations do not provide a state-created liberty interest unless they impose an "atypical, significant deprivation" in relation to the ordinary incidents of prison life); *Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972) (procedural protections of due process clause are triggered only when there is a cognizable liberty or property interest at stake).

The district court properly dismissed Grissom's equal protection claim. Even assuming that Grissom was "intentionally treated differently from others similarly situated," there was a "rational basis for the difference in treatment," because Grissom received a prior verbal warning and there is no allegation that the other inmates who had a different outcome to their appeals had also received such a verbal warning. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167-68 (9th Cir. 2005) (citation and internal quotation marks omitted); *see also Steckman v. Hart*

*Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

Grissom's remaining contentions, including with respect to the lack of notice of local prison procedures after his transfer, are unpersuasive.

**AFFIRMED.**